UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY GUZMAN and JOSE LOPEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> THE VILLAGE OF OAK LAWN, Illinois, a municipal corporation, and Oak Lawn Police Officers SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON, <br><br> Defendants. | 13 CV 7027 <br><br> Judge <br><br> Magistrate Judge <br><br> **JURY DEMAND** |

## COMPLAINT

Plaintiffs, ANTHONY GUZMAN and JOSE LOPEZ, through one of their attorneys, Torreya L. Hamilton, make the following complaint against the Defendants VILLAGE OF OAK LAWN (Defendant VILLAGE) and Oak Lawn Police Officers SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORKSI, and THOMAS NELSON (Defendant OFFICERS):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of the Plaintiffs' rights under the United States Constitution.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

### PARTIES

4. Plaintiff ANTHONY GUZMAN is a twenty-three year old resident of Burbank, Illinois.

5. Plaintiff JOSE LOPEZ is a twenty-two year old resident of Burbank, Illinois.

6. At all relevant times, Defendant OFFICERS were Oak Lawn police officers employed by the Defendant VILLAGE, acting under color of law and within the scope of their employment.

7. Defendant VILLAGE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of the Defendant OFFICERS.

**FACTS**

8. On the evening of September 30, 2012, Plaintiffs were arrested by Defendant OFFICERS at 11800 South Ridgeland Avenue, an unincorporated area of Cook County, Illinois.

9. Defendants arrested Plaintiffs for felony possession of a field of live cannabis that was growing in the forest preserve. Ultimately, Plaintiffs plead guilty to attempt misdemeanor cannabis possession. Plaintiffs do not bring a false arrest claim here.

10. Plaintiffs did not resist their arrest or do anything to obstruct Defendant OFFICERS as they were taken into custody.

11. Plaintiffs did not try to flee from Defendant OFFICERS as they were being arrested.

12. Plaintiffs complied with the commands that Defendant OFFICERS gave to them.

13. After Plaintiffs had been taken into custody and placed in handcuffs, Defendant OFFICERS beat and struck both Plaintiffs about the head and body.

14. Plaintiff GUZMAN was struck several times by Defendant OFFICERS on the left side of his head, and suffered an injury to his eardrum.

15. Plaintiff GUZMAN suffered pain and discomfort, and his injury required medical attention, which he received once he was released from custody.

16. Plaintiff LOPEZ was thrown to the ground by Defendant OFFICERS, where he was beaten and kicked in the head and body.

17. Plaintiff LOPEZ suffered pain and discomfort as a result of being beaten by Defendant OFFICERS.

18. Although Plaintiffs GUZMAN and LOPEZ were arrested on the evening of September 30, 2012, Defendant OFFICERS did not make any arrangements to promptly present Plaintiffs to a magistrate until October 4, 2012.

19. During the period between the evening of September 30, 2012 and the morning of October 4, 2012, Defendant OFFICERS kept Plaintiffs in custody at the Oak Lawn police station.

20. Plaintiff GUZMAN was able to post bond and be released from custody on the same date that a magistrate set his bond, October 4, 2012.

## COUNT I
(42 U.S.C. §1983, Excessive Force, Plaintiff GUZMAN)

21. Each of the foregoing paragraphs is incorporated as if fully restated here.

22. As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff GUZMAN was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

23. Each of Defendant OFFICERS were aware of the misconduct of his fellow police officers, had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

24. As a direct and proximate result of the Defendant OFFICERS' excessive use of force, Plaintiff GUZMAN suffered damages, which will be proven at trial.

WHEREFORE, Plaintiff GUZMAN prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. §1983, Excessive Force, Plaintiff LOPEZ)

25. Each of the foregoing paragraphs is incorporated as if fully re-stated here.


26. As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff LOPEZ was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

27. Each of Defendant OFFICERS were aware of the misconduct of his fellow police officers, had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

28. As a direct and proximate result of the Defendant OFFICERS' excessive use of force, Plaintiff LOPEZ suffered damages, which will be proven at trial.

WHEREFORE, Plaintiff GUZMAN prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. § 1983, Extended Detention Claim, Plaintiff GUZMAN)

29. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

30. The Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty after an arrest.

31. The determination of probable cause required by the Fourth Amendment is supposed to occur promptly, and without unnecessary delay.

32. In this case, Defendant OFFICERS had no valid reason to delay bringing Plaintiff GUZMAN before a magistrate until October 4, 2012.

33. Plaintiff GUZMAN'S prolonged and unnecessary detention at the Oak Lawn police station violated his rights under the Fourth Amendment, and caused him damages which will be proven at trial.

WHEREFORE, Plaintiff GUZMAN prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### COUNT IV
(State Law Battery Claim, Plaintiff GUZMAN)

34. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

35. When Defendant OFFICERS struck GUZMAN, they did so intentionally, without justification, and without GUZMAN'S consent.

36. As a direct and proximate result of their intentional conduct, Defendant OFFICERS caused bodily harm to GUZMAN.

37. Illinois law provides that public entities, such as Defendant VILLAGE, are required to pay any compensatory damages on a tort judgment against an employee who acts within the scope of his employment.

38. As all relevant times in this case, Defendant OFFICERS were agents of Defendant VILLAGE, and were acting within the scope of their employment as Oak Lawn police officers. Defendant VILLAGE, therefore, is liable for the conduct of Defendant OFFICERS towards Plaintiff GUZMAN.

WHEREFORE, Plaintiff GUZMAN prays for a judgment against Defendant VILLAGE in a fair and just amount sufficient to compensate him for his injuries, and also for any other relief that the Court deems just and equitable.

### COUNT V
(State Law Battery, Plaintiff LOPEZ)

39. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

40. When Defendant OFFICERS struck Plaintiff LOPEZ, they did so intentionally, without justification, and without Plaintiff LOPEZ'S consent.

41. As a direct and proximate result of their intentional conduct, Defendant OFFICERS caused bodily harm to Plaintiff LOPEZ.

42. Illinois law provides that public entities, such as Defendant VILLAGE, are required to pay any compensatory damages on a tort judgment against an employee who acts within the scope of his employment.

43. As all relevant times in this case, Defendant OFFICERS were agents of Defendant VILLAGE, and were acting within the scope of their employment as Oak Lawn police officers. Defendant VILLAGE, therefore, is liable for the conduct of Defendant OFFICERS towards Plaintiff LOPEZ.

      WHEREFORE, Plaintiff LOPEZ prays for a judgment against Defendant VILLAGE in a fair and just amount sufficient to compensate him for his injuries, and also for any other relief that the Court deems just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

ANTHONY GUZMAN and JOSE LOPEZ, Plaintiffs

By: /s Torreya L. Hamilton
    One of Plaintiffs' Attorneys

HAMILTON LAW OFFICE, LLC
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397