UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY GUZMAN and<br>JOSE LOPEZ, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | 13 cv 7027 |
| THE VILLAGE OF OAK LAWN, Illinois,<br>A municipal corporation, and Oak Lawn<br>Police Officers SEAN HEILIG, MICHAEL<br>MCNEELA, GLENN BROTHEN,<br>MICHAEL SIKORSKI, and THOMAS<br>NELSON, | )<br>)<br>)<br>)<br>)<br>)<br>) | Judge PALLMEYER<br><br>Magistrate Judge COX<br><br>JURY DEMAND |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES, Defendants, VILLAGE OF OAK LAWN, POLICE OFFICERS SEAN HEILIG, MICHAEL MCNEELA, GLENN BROTHEN, MICHAEL SIKORSKI AND THOMAS NELSON, by and through their attorneys, PETERSON, JOHNSON & MURRAY – CHICAGO, LLC, and for their Answer and Affirmative Defenses to Plaintiff's Complaint at Law as follows:

JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of the Plaintiffs' rights under the United States Constitution.

**ANSWER:** Defendants admit that this matter is brought pursuant to 42 U.S.C. §1983, but deny that there were any deprivation of Plaintiffs' constitutional rights.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331, 1343, and 1367.

**ANSWER:** Defendants admit that this court has jurisdiction.

3. Venue is proper under 28 U.S.C. §1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within

this district.

**ANSWER:** Defendants admit that venue is proper.

## PARTIES

4. Plaintiff **ANTHONY GUZMAN** is a twenty-three year old resident of Burbank, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4.

5. Plaintiff **JOSE LOPEZ** is a twenty-two year old resident of Burbank, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5.

6. At all relevant times, Defendant OFFICERS were Oak Lawn police officers employed by the Defendant Village, acting under color of law and within the scope of their employment.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

7. Defendant Village is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times were the employer and principal of the Defendant OFFICERS.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7.

## FACTS

8. On the evening of September 30, 2012, Plaintiffs were arrested by Defendant OFFICERS at 11800 South Ridgeland Avenue, an unincorporated area of Cook County, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 8.

9. Defendants arrested Plaintiffs for felony possession of a field of live cannabis that was growing in the forest preserve. Ultimately, Plaintiffs plead guilty to attempt misdemeanor cannabis possession. Plaintiffs do not bring a false arrest claim here.

**ANSWER:** Defendants admit that Plaintiffs were ultimately indicted on felony possession charges and that Plaintiffs are not bringing a false arrest claim, but deny the remaining allegations contained in Paragraph 9.

10. Plaintiffs did not resist their arrest or do anything to obstruct Defendant OFFICERS as they were taken into custody.

**ANSWER:** Defendants deny the allegations contained in Paragraph 10.

11. Plaintiffs did not try to flee from Defendant OFFICERS as they were being arrested.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11, as stated.

12. Plaintiffs complied with the commands that Defendant OFFICERS gave to them.

**ANSWER:** Defendants deny the allegations contained in Paragraph 12, as stated.

13. After Plaintiffs had been taken into custody and placed in handcuffs, Defendant OFFICERS beat and struck both Plaintiffs about the head and body.

**ANSWER:** Defendants deny the allegations contained in Paragraph 13.

14. Plaintiff GUZMAN was struck several times by Defendant OFFICERS on the left side of his head, and suffered an injury to his eardrum.

**ANSWER:** Defendants deny the allegations contained in Paragraph 14.

15. Plaintiff GUZMAN suffered pain and discomfort, and his injury required medical attention, which he received once he was released from custody.

**ANSWER:** Defendants deny the allegations contained in Paragraph 15.

16. Plaintiff LOPEZ was thrown to the ground by Defendant OFFICERS, where he was beaten and kicked in the head and body.

**ANSWER:** Defendants deny the allegations contained in Paragraph 16.

17. Plaintiff LOPEZ suffered pain and discomfort as a result of being beaten by Defendant OFFICERS.

**ANSWER:** Defendants deny the allegations contained in Paragraph 17.

18. Although Plaintiffs GUZMAN and LOPEZ were arrested on the evening of September 30, 2012, Defendant OFFICERS did not make any arrangements to promptly present Plaintiffs to a magistrate until October 4, 2012.

**ANSWER:** Defendants deny the allegations contained in Paragraph 18.

19. During the period between the evening of September 30, 2012 and the morning of

October 4, 2012, Defendant OFFICERS kept Plaintiffs in custody at the Oak Lawn police station.

**ANSWER:** Defendants deny the allegations contained in Paragraph 19.

20. Plaintiff GUZMAN was able to post bond and be released from custody on the same date that a magistrate set his bond, October 4, 2012.

**ANSWER:** Defendants deny the allegations contained in Paragraph 20.

## COUNT I
(42 U.S.C. §1983, Excessive Force, Plaintiff GUZMAN)

21. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Defendants restate their answers to Paragraphs 1-20 as set forth fully herein.

22. As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff GUZMAN was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 22.

23. Each of Defendant OFFICERS were aware of the misconduct of his fellow police officers, had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24. As a direct and proximate result of the Defendant OFFICERS' excessive use of force, Plaintiff GUZMAN suffered damages, which will be proven at trial.

**ANSWER:** Defendants deny the allegations contained in Paragraph 24.

## COUNT II
(42 U.S.C. §1983, Excessive Force, Plaintiff LOPEZ)

25. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

**ANSWER:** Defendants restate their answers to Paragraphs 1-24 as set forth fully herein.

26. As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff LOPEZ was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 26.

27. Each of Defendant OFFICERS were aware of the misconduct of his fellow police officers, had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

**ANSWER:** Defendants deny the allegations contained in Paragraph 27.

28. As a direct and proximate result of the Defendant OFFICERS' excessive use of force, Plaintiff LOPEZ suffered damages, which will be proven at trial.

**ANSWER:** Defendants deny the allegations contained in Paragraph 29.

## COUNT III
(42 U.S.C. § 1983, Extended Detention Claim, Plaintiff GUZMAN)

29. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

**ANSWER:** Defendants restate their answers to Paragraphs 1-28 as set forth fully herein.

30. The Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty after an arrest.

**ANSWER:** Paragraph 30 states a legal conclusion and therefore Defendants provide not answer thereto. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 30.

31. The determination of probable cause required by the Fourth Amendment is supposed to occur promptly, and without unnecessary delay.

**ANSWER:** Paragraph 31 states a legal conclusion and therefore Defendants provide not answer thereto. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 31.

32. In this case, Defendant OFFICERS had no valid reason to delay bringing Plaintiff GUZMAN before a magistrate until October 4, 2012.

**ANSWER:** Defendants deny the allegations contained in Paragraph 32.

33. Plaintiff GUZMAN'S prolonged and unnecessary detention at the Oak Lawn police station violated his rights under the Fourth Amendment, and caused him damages which will be proven at trial.

**ANSWER:** Defendants deny the allegations contained in Paragraph 33.

COUNT IV
(State Law Battery Claim, Plaintiff GUZMAN)

34. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

**ANSWER:** Defendants restate their answers to Paragraphs 1-34 as set forth fully herein.

35. When Defendant OFFICERS struck GUZMAN; they did so intentionally, without justification, and without GUZMAN'S consent.

**ANSWER:** Defendants deny the allegations contained in Paragraph 35.

36. As a direct and proximate resu1t of their intentional conduct, Defendant OFFICERS caused bodily harm to GUZMAN.

**ANSWER:** Defendants deny the allegations contained in Paragraph 36.

37. Illinois law provides that public entities, such as Defendant VILLAGE, are required to pay any compensatory damages on a tort judgment against an employee who acts within the scope of his employment.
**ANSWER:** Paragraph 37 states a legal conclusion and therefore Defendants provide not answer thereto. To the extent an answer is required, Defendants admit that the Village must indemnify its employees for compensatory damages judgments.

38. As all relevant times in this case, Defendant OFFICERS were agents of Defendant VILLAGE, and were acting within the scope of their employment as Oak Lawn police officers. Defendant VILLAGE, therefore, is liable for the conduct of Defendant OFFICERS towards Plaintiff GUZMAN.
**ANSWER:** The Village of Oak Lawn admits that its officers were acting within the scope of their employment, but denies that its officers are liable for any of their conduct stemming from the arrest of Plaintiffs.

COUNT V
(State Law Battery, Plaintiff LOPEZ)

39. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

**ANSWER:** Defendants restate their answers to Paragraphs 1-38 as set forth fully herein.

40. When Defendant OFFICERS struck Plaintiff LOPEZ; they did so intentionally, without justification, and without Plaintiff LOPEZ'S consent.
**ANSWER:** Defendants deny the allegations contained in Paragraph 40.

41. As a direct and proximate result of their intentional conduct, Defendant OFFICERS

caused bodily harm to Plaintiff LOPEZ.

**ANSWER:** Defendants deny the allegations contained in Paragraph 41.

42. Illinois law provides that public entities, such as Defendant VILLAGE, are required to pay any compensatory damages on a tort judgment against an employee who acts within the scope of his employment.
**ANSWER:** Paragraph 42 states a legal conclusion and therefore Defendants provide not answer thereto. To the extent an answer is required, Defendants admit that the Village must indemnify its employees for compensatory damages judgments.

43. As all relevant times in this case, Defendant OFFICERS were agents of Defendant VILLAGE, and were acting within the scope of their employment as Oak Lawn police officers. Defendant VILLAGE, therefore, is liable for the conduct of Defendant OFFICERS towards Plaintiff LOPEZ.
**ANSWER:** The Village of Oak Lawn admits that its officers were acting within the scope of their employment, but denies that its officers are liable for any of their conduct stemming from the arrest of Plaintiffs.

## JURY DEMAND

Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendants are government officials, who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, reasonable person, objectively viewing facts and circumstances then confronting Defendants during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and was within the Constitutional limits that were clearly established at the time. Defendants, therefore, are entitled to qualified immunity.

2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Defendants are not liable for any of such claims alleged because the defendants' actions with

respect to plaintiffs were based upon the information and circumstances known to Defendants at the time and were discretionary for which he is immune from liability. 745 ILCS 10/2-201.

    3. As to any State law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-2004.

    4. Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

    5. As to any State Law claims, under the Illinois Tort Immunity Act, Defendant Police are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

    6. Where Defendants may be liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiffs' which were the proximate cause of the alleged injuries.

    7. At the time of the actions alleged in Plaintiffs' complaint, 735 ILCS 5/2-1116 (West 2013) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

    8. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that

Case: 1:13-cv-07027 Document #: 13 Filed: 10/28/13 Page 9 of 9 PageID #:25

Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

9. The public record establishes that Plaintiff Guzman appeared before a bond court judge prior to October 4, 2012, therefore, he has failed to state a claim for extended detention.

    Respectfully Submitted,

    VILLAGE OF OAK LAWN, POLICE OFFICERS SEAN HEIUG, MICHAEL MCNEELA, GLENN BROTHEN, MICHAEL SIKORSKI AND THOMAS NELSON

    By: /s/Dominick L. Lanzito
        Attorney for Defendants

Paul O'Grady
Dominick L. Lanzito
PETERSON, JOHNSON & MURRAY - CHICAGO LLC
Chicago, IL  60606
Telephone:    312/782-7150
Fax:    312/896-9318
dlanzito@pjmlaw.com